UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DESMOND QUICK,

                        Plaintiff,

       v.                                       9:16-CV-0958
                                                     (GTS/CFH)

CHRISTOPHER MILLER,

                        Defendant.
_____

APPEARANCES:

DESMOND QUICK
03-B-1945
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

Plaintiff Desmond Quick commenced this action pro se and in forma pauperis by filing a civil rights complaint. Dkt. No. 1 ("Compl."). After review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that plaintiff's claims that defendant Miller violated his religious rights under the First Amendment and the Religious Land Use and Incarcerated Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and denied him equal protection, survived sua sponte review and required a response. Dkt. No. 7.[1] All other claims and defendants were dismissed from this action. *Id.*

---

[1] Plaintiff's claims for monetary damages under RLUIPA were dismissed. *See id.*

Presently before the Court is plaintiff's motion for preliminary injunctive relief. Dkt. No. 11. "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore*

*v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).

In his complaint, plaintiff alleged that he is a Shi'ite Muslim. Compl. at 4. Plaintiff had made a request to receive the Cold Alternative Diet but his request was denied because he was told that the Cold Alternative Diet was limited to inmates of the Jewish faith. *Id.* In his motion for preliminary injunctive relief, plaintiff now alleges that he was "compelled to change his religion to obtain the Cold Alternative Diet" but as a result he is not being allowed to observe Shi'ite Muslim events. Dkt. No. 11 at 1. Plaintiff requests a court order directing that he be allowed to observe Shi'ite Muslim events scheduled for the months of October and November, 2016, and that he receive the religious meals associated with those events. *Id.*

Even if the Court were to assume that plaintiff has alleged that he may suffer irreparable harm, plaintiff has failed to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Additionally, since defendant Miller has not yet answered, and, indeed, has not even been served, the Court cannot ascertain plaintiff's likelihood of success, or whether he has otherwise met the standard for issuance of preliminary injunctive relief.

For the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 11) is denied.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: October 21, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge